COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued by Teleconference


COMMONWEALTH OF VIRGINIA
                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0857-97-3    JUDGE SAM W. COLEMAN III
                                      SEPTEMBER 9, 1997
GARY LYNN JONES


              FROM THE CIRCUIT COURT OF WYTHE COUNTY
                    J. Colin Campbell, Judge

          Marla Graff Decker, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellant.

          No brief or argument for appellee.



     The defendant, Gary Lynn Jones, filed a motion to suppress

methamphetamine and drug paraphernalia recovered in a traffic

stop on the ground that the police, after stopping the vehicle

for speeding, did not have probable cause to search the vehicle

in which he was a passenger.  The trial court granted the

defendant's suppression motion, and the Commonwealth appeals that

ruling pursuant to Code § 19.2-398(2).  The Commonwealth contends

on appeal that the defendant failed to prove he had standing to

challenge the search of the vehicle or the cooler in which the

contraband was found and that the trial court erred in finding

that the police did not have probable cause to conduct the

search.

     Assuming without deciding that the defendant had standing to

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

challenge the search, we find that the police had probable cause to search the vehicle and the cooler. Accordingly, we reverse the trial court's ruling and remand the case for further proceedings.

Because of the mobility of motor vehicles, the United States Supreme Court has held that they may be searched without obtaining a warrant if a police officer has probable cause to believe that the vehicle contains contraband. See United States v. Ross, 456 U.S. 798, 806-08 (1982); Carroll v. United States, 267 U.S. 132, 149 (1925). "Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense [has] been or is being committed." Saunders v. Commonwealth, 218 Va. 294, 300, 237 S.E.2d 150, 155 (1977).

In this case, we hold that Deputy Murphy had probable cause to believe that the vehicle contained contraband and was justified in conducting the search. After stopping the van for speeding, Deputy Murphy, a motorcycle officer, noticed the odor of "burnt" marijuana emanating from the van. See United States v. Haley, 669 F.2d 201 (4th Cir. 1982) (holding that probable cause to search a vehicle exists when an officer smells marijuana inside the vehicle). He asked the defendant, who was in the passenger seat, to exit the van. The deputy testified that, "based on the fact that I had already smelled . . . marijuana

2

[and] knew a crime had been committed in the vehicle," he patted the defendant down and found a "roach clip" in his pocket. Deputy Murphy told the defendant it would be in his best interest to turn over the marijuana, so the defendant retrieved a "Skoal" tobacco box containing a partially burned marijuana cigarette from the rear of the van and gave it to the deputy. Considering the totality of the circumstances, including the odor of burnt marijuana, the defendant's possession of a roach clip and the defendant retrieving the "Skoal" container from the van which contained marijuana, Deputy Murphy had probable cause to believe that a crime was being committed and that the van may contain contraband.

Although Deputy Murphy initially intended to release the defendant on a summons "if nothing else developed," after the backup unit arrived, Deputy Murphy searched the van and found methamphetamine and drug paraphernalia in a cooler behind the passenger seat. The defendant acknowledged that the contraband in the cooler belonged to him and he was arrested.

"The rationale justifying a warrantless search of an automobile that is believed to be transporting contraband arguably applies with equal force to any movable container that is believed to be carrying an illicit substance." Ross, 456 U.S. at 809. The cooler, which was in the vehicle, was a container in which contraband of the type the deputy was searching for could have been located, thus, the deputy was justified in searching

3

the cooler.

Accordingly, we reverse the trial court's ruling on the suppression motion and remand for further proceedings.

<u>Reversed and remanded</u>.